Plaintiff appeals from the refusal of the Civil Service Commission to grant him a hearing on his verified petition alleging that persons appointed by the City of Orange as special officers are performing services which he, as a chanceman of the police department of said city, is entitled to perform. The status of appellant as a chanceman is conceded. Caronia v.Caldwell, 123 N.J.L. 266 (E. A., 1939); that the special officers are performing service as such appointees for which they are being paid by the City of Orange is, likewise, conceded. Appellant has not been engaged in any service for the municipality since January 1, 1949. The special officers have been on the city payroll for service performed during the period when appellant was not so engaged.
The record before us is meagre and, it is alleged, does not disclose the entire situation and that the Civil Service Commission's refusal to grant appellant a hearing deprived him of his opportunity to show that his civil service rights were being violated.
The right of the municipality to appoint special officers is not challenged. The question for determination is as to *Page 371 
whether the designated special officers are rendering public service that should be performed by chancemen and not by special officers.
We are of opinion that the Civil Service Commission should hear the matter and afford the parties an opportuinty to submit proof of the existing situation. To that end, the cause is remanded to the Civil Service Commission for hearing and determination on the merits.