**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1469-22

GAIL KRZYZCZUK,

      Plaintiff-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

      Defendant-Respondent.

_____

Argued April 9, 2024 – Decided May 15, 2024

Before Judges Smith and Torregrossa-O'Connor.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of Treasury, PERS No. xx0987.

Marguerite Schaffer argued the cause for appellant (Shaffer, Shain, Jalloh, PC, attorneys; Raymond J. Stine, on the briefs).

Roza Dabaghyan, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Sara M. Gregory, Assistant Attorney General, of counsel; Roza Dabaghyan, on the brief).

PER CURIAM

Petitioner, Gail Krzyzczuk, appeals the final decision of the Public Employment Retirement System Board of Trustees (Board), which concluded that, while petitioner simultaneously held three jobs with the Borough of Bradley Beach at the time of her retirement in 2019, she was eligible for a pension from just one of those jobs. She appeals, arguing, among other things, that the Board erred when it failed to interpret the controlling statute, N.J.S.A. 43:15A-25.2, so as to calculate her pension based on the combined salaries of the three jobs. We affirm for the reasons which follow.

I.

Petitioner had been an employee of the Borough of Bradley Beach (Borough) since 1994. The record shows she began there as an administrative assistant and was eventually promoted to assistant chief financial officer. Effective January 1, 2010, petitioner was also appointed assistant sewer collector and deputy tax collector.

In 2016, petitioner's longtime supervisor, Joyce Wilkins, retired. Wilkins was the Borough's chief financial officer (CFO), as well as its tax collector and sewer collector. After Wilkins's retirement, the Borough appointed petitioner to the CFO, tax collector, and sewer collector positions, effective October 1, 2016.

2                                                                    A-1469-22

The record shows petitioner held two state licenses, one qualifying her to perform the duties of CFO, and another qualifying her to perform the duties of tax and sewer collector. The Borough continuously employed petitioner in all three jobs until her retirement on December 31, 2019.[1]

When petitioner retired, she applied for her pension based upon the salaries associated with the three jobs. The Division of Pensions and Benefits (Division) found petitioner was eligible for a pension based only upon her CFO position, i.e., the one with the highest salary. In its initial decision, the Division found the tax collector and sewer collector positions to be "additional salaried positions on top of [petitioner's] highest salaried position as [CFO]."

Petitioner appealed to the Board, who also denied her application for a pension based on all three jobs. The Board found that the "positions of CFO, [t]ax [c]ollector and [s]ewer [c]ollector are listed as separate job titles with separate salaries." The Board also found that "the duties of the [t]ax [c]ollector and [s]ewer [c]ollector positions are not permanently assigned to the CFO position . . ." The Board rejected petitioner's argument that the tax and sewer collector positions were a part of her official CFO duties.

---

[1]  Upon petitioner's retirement, the Borough hired three separate individuals to fulfill the CFO, tax collector, and sewer collector positions.

Applying N.J.S.A. 43:15A-25.2, the Board found the Borough hired petitioner for the CFO, tax collector, and sewer collector jobs on or about October 1, 2016, nearly six years after the effective date of the statute, May 21, 2010. The Board concluded the statute's express language, in light of petitioner's October 1, 2016 hire date, mandated that petitioner receive a pension based only on her CFO salary.

On appeal, plaintiff makes several arguments, which we summarize this way: the Board's final decision was arbitrary, capricious and unsupported by the record; the Board mistakenly interpreted N.J.S.A. 43:15A-25.2 to require petitioner receive a pension based solely on her CFO salary; and the Board's final decision is contrary to public policy.

II.

In Meyers v. State Health Benefits Comm'n, 474 N.J. Super 1, 8 (App. Div. 2022), aff'd, 256 N.J. 94 (2023), we articulated our standard of review used when an agency has issued a final administrative decision concerning a public employee's pension.

> "[We] have 'a limited role' in the review of [agency] decisions." In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). "[A] 'strong presumption of reasonableness attaches to [an agency decision].'" Parsells v. Bd. of Educ. of Borough of Somerville, 472

N.J. Super. 369, 375 (App. Div. 2022) (citing In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001)). "Board decisions are afforded a deferential standard of review and will be reversed only if 'there is a clear showing that [the decision] is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" S.L.W. v. N.J. Div. Pensions & Benefits, 238 N.J. 385, 393 (2019) (alterations in original) (citing Mount v. Police & Firemen's Ret. Sys., 233 N.J. 402, 418 (2018)).

We "may not substitute [our] own judgment for the agency's, even though [we] might have reached a different result." Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). "Furthermore, 'an administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" Parsells, 472 N.J. Super. at 376 (quoting In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997)).

[Id. at 8-9 (alterations in original).]

However, we are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 196 (2007) (quoting In re Taylor, 158 N.J. 644, 658 (1999)). We continue to "apply de novo review to an agency's interpretation of a statute or case law." Russo v. Bd. of Trs., Police & Firemen's

5

A-1469-22

Ret. Sys., 206 N.J. 14, 27 (2011) (citing Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

When considering pension-related claims, we note our statutes should be liberally construed "in favor of persons intended to be benefitted thereby," Bumbaco v. Bd. of Trs., Pub. Emps.' Ret. Sys, 325 N.J. Super. 90, 94 (App. Div. 2000), however "eligibility is not to be liberally permitted," Smith v. State, Dep't of Treasury, Div. of Pensions & Benefits, 390 N.J. Super. 209, 213 (App. Div. 2007). By the same token "the applicable guidelines must be carefully interpreted so as not to 'obscure or override considerations of . . . a potential adverse impact on the financial integrity of the [f]und.'" Ibid. (alteration in original) (quoting Chaleff v. Tchrs.' Pension & Annuity Fund Trs., 188 N.J. Super. 194, 197 (App. Div. 1983)).

III.

Mindful that petitioner bears the burden to establish pension eligibility, Patterson v. Bd. of Trs., State Police Ret. Sys., 194 N.J. 29, 50-51 (2008), we consider her arguments in turn.

First, petitioner contends that the plain language of N.J.S.A. 43:15A-25.2 requires that each of the three jobs she held at retirement be deemed pension

eligible by the Board.  After our de novo review of the statute, <u>Russo</u>, 206 N.J. at 27, we are unpersuaded.

N.J.S.A. 43:15A-25.2(a) states:

> Notwithstanding the provisions of any law to the contrary, after the effective date[, May 21, 2010,] of [this statute], a person who is or becomes a member of the [PERS] and becomes employed in more than one office, position, or employment covered by the retirement system or commences service in a covered office, position, or employment with more than one employer shall be eligible for membership in the retirement system based upon only one of the offices, positions, or employments held concurrently. In the case of a person who holds more than one office, position, or employment covered by the retirement system, the retirement system shall designate the position providing the higher or highest compensation for the person with such concurrent positions as the basis for eligibility for membership and the compensation base for contributions and pension calculations.

A plain reading of subsection (a) leads to a simple conclusion.  After May 21, 2010, a person who becomes "employed in more than one office, position, or employment covered by the retirement system" shall have the highest salaried of those positions designated by the Board, or its representative, as the "compensation base for contributions and pension calculations."   Stated differently, after May 21, 2010, public employees who are members of the PERS

A-1469-22

system can no longer combine salaries of pension-eligible jobs in order to increase that employee's compensation base for pension calculation purposes.

The record here shows: petitioner was appointed to the three positions after the effective date of the statute; her CFO position was separate and distinct from her other two positions; and the Borough never permanently assigned the duties of the tax collector and sewer collector to the CFO. On these facts we agree with the Board's interpretation of the law and find no error.[2]

We briefly comment on petitioner's other salient arguments. Petitioner contends that the Borough treated the CFO, tax collector, and sewer collector jobs as one by: hiring one person to do the work over a two-decade period; and paying one salary "in regular, periodic installments," first to Wilkins, then to petitioner. According to petitioner, the Borough's practice of combining her jobs for purposes of paying petitioner's bi-monthly salary should have constrained the Board to combine the three salaries for pension calculation purposes. We disagree. The Borough had opportunity over the long arc of Wilkins's and petitioner's employment to legislatively combine the duties of the

---

[2] Each position held by petitioner at the time of her retirement is authorized by separate legislation. N.J.S.A. 40A:9-140.10 requires each municipality to appoint a chief financial officer. N.J.S.A. 40A:9-141 requires each municipality to appoint a tax collector. Borough Ordinance section 380-12 establishes the position of sewer utility collector.

three jobs under one title. There is nothing in the record to suggest the Borough ever made the attempt.[3] The Board had sufficient support in the record to conclude the positions were separate and distinct municipal jobs. We defer to the findings of the Board when supported by credible facts in the record. See S.L.W., 238 N.J. at 393.

Petitioner next argues that the positions of tax collector and sewer collector are "legislatively mandated part-time" positions. She posits that the Board has improperly distinguished between PERS members who hold multiple "part-time" jobs, and PERS members that hold one job where multiple duties have been "merged" under one title. Petitioner cannot show authority to support the proposition that any of the three statutorily created positions at issue in this appeal are "legislatively mandated part-time" jobs. Indeed, the enabling legislation for each job suggests otherwise. In our view, this argument manufactures a legal issue where none exists, and we decline further comment.

Petitioner also makes a series of public policy arguments to support reversal, using various elements of the record combined with selected sections of the Administrative Code. The common theme of her arguments is that the

---

[3]  We agree with the Board's observations on this point, made in its final administrative decision on December 8, 2022.

A-1469-22

Borough's residents benefitted from municipal efficiencies gained by "assigning" the tax collector and sewer collector responsibilities to the CFO. Petitioner further argues that this long-standing informal and "practical" arrangement promoted "efficient governmental function," and "adequately addresse[d] the concerns and abuses the legislature sought to remedy" in the pension system. We are satisfied that these statements are true, as far as they carry. The record shows petitioner faithfully performed her assigned duties in Bradley Beach for close to three decades. We are confident the community benefitted from her dedicated public service. However, given our standard of review, we find no version of petitioner's public policy arguments persuasive.

In sum, we find the Board's final decision was not arbitrary, capricious, or unreasonable. It had fair support in the record for its findings. See S.L.W., 238 N.J. at 393. Our de novo review of the Board's N.J.S.A. 43:15A-25.2 analysis satisfies us that it is proper to defer to the "agency's interpretation of statutes and regulations within its implementing and enforcing responsibility." See Parsells, 472 N.J. Super. at 376. To the extent we have not addressed any remaining arguments of petitioner, we conclude they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10                                                              A-1469-22